*309
 
 Pearson, J.
 

 We have arrived at a different conclusion. The intention, obviously, was to pass to the plaintiff the crop of corn, which might be made on the ground in 1846 ; and it could be urged with some force, that the words of the deed are broad enough to include the crop, which was made, although it was not, literally, the crop on the ground when the deed was executed.
 

 But admitting, that, by an unforeseen event,
 
 the thing
 
 conveyed was destroyed, and that the second crop is not embraced by the words of the deed, it is clear, that the title to this second crop was in the plaintiff. The land was his, and so were the farming utensils and horses. 'Lamb was permitted to remain on the land and cultivate the new crop, not for himself, as a lessee, but for the plaintiff, as his agent or servant; the consideration being, that this substituted crop was to be applied to the payment of debts, in the same way that the first- crop and other property were to be.
 

 So, although it may be; that the crop did not pass by the words of the deed, it became the property of the plaintiff, bécause it was made for him and upon his land. This result follows necessarily from the relation of the parties. An understanding, that Lamb was to make the new crop for the plaintiff, in the place of the crop destroyed, is as plainly to be implied, as if it had been expressed in so many words.
 

 ■ There must be a
 
 venire de novo.
 

 Per Curiam.
 

 Judgment accordingly.